Attest D. E. Lord. C.C.

*Petition of Sam<sup>l</sup> Phelps for Mandamus*— Filed in open Court May 22<sup>d</sup> 1828

*To the Honorable the Judges of the Supreme Court of the Territory of Michigan sitting in Court.*

The petition of Samuel Phelps of the County of Wayne in said Territory humbly complaining sheweth

That in the year 1815, your petitioner was engaged in trade and merchandize, in the City of Detroit, in copartnership with one Rix Robinson, under the name and firm of Phelps and Robinson; and one Jonas W Colburn, was then and there in the employment of said firm, in the capacity of a clerk. In August 1816 your petitioner, after an absence of about five months at Washington & New York returned to Detroit, and immediately proceeded on buisiness to the Missisippi and other places, and did not return again to Detroit until in July 1818. During that time his partner was absent from that place also, and previous and subsequent to his departure from Detroit in August 1816, and previous to his arrival there in 1818, goods, the property of said firm, to the amount of seven thousand dollars, at their prime cost, had been placed in the care and custody of said Colburn as their Clerk, to make sale of, for them.

Your petitioner further represents, that during his aforesaid absence from Detroit, between April in 1816, and July 1818, the said Colburn held himself out to the community, as one of a certain firm or copartnership, of "Phelps and Colburn", meaning your petitioner and himself, and represented the aforesaid goods, the property of "Phelps and Robinson" to be the property and stock in trade, of the said pretended firm of "Phelps and Colburn." And so effectually did the said Colburn succeed, in the practice of this deception on the public, that previous to your petitioner's return to Detroit, in July 1818, the said Colburn, having disposed of the whole of the said goods placed in his hands by the firm of Phelps and Robinson, had collected the debts and funds due to said last mentioned firm, and had executed to different persons and put in circulation, a number of promissory notes, for a large amount, in the name of the said pretended partnership of "Phelps and Colburn"; so that of all the property which he and the said Robinson sent there, he found not the value of a cent remaining, or any thing as an equivalent for it, but on the contrary, fictitious demands as before mentioned, to a large amount, created against him, by the said Colburn, and for which said Colburn had received the value as your Petitioner believes. And your petitioner avers, that neither at that time nor any other did he form any copartnership in trade with the said Colburn, but that the said Colburn, was in the employment of the said partnership of "Phelps and Robinson," as a Clerk, and never connected with them in any other capacity in said Store. It is further shewn, that one of the spurious notes, executed as aforesaid by the said Colburn in the name of "Phelps and Colburn" to Abraham Cook, for $312.50, bearing date 1st October 1817, suit was instituted on the 7th day of July 1818 in the County Court of Wayne County, in which Judgment was rendered, for the full amount of said note, togeather with damages and costs, on the 7th day of January 1820. And upon another of said fictitious notes, executed by the said Colburn as aforesaid, in the name of "Phelps and Colburn," (bearing date the 4th May 1816) to David C McKinstry for $482 81, and purporting to have been assigned by said McKinstry, suit was instituted on 1st September 1818 in the name of Thomas, Isaac and Francis Lawrence, in the County Court of Wayne County and on the said seventh day of January 1820, Judgment was rendered in said last mentioned suit, (after deducting twoo several credits, amounting in the aggregate, to $120.) for the principle, togeather with damages and costs. All of which proceedings, will more fully appear, by reference to a transcript of the proceedings in said suits hereunto

annexed, marked number 1, and which your petitioner prays may be received as part of the statement of facts in this petition.

It is further shewn that, having given bail, as he was required to do, at the institution of said suits, your petitioner returned to the place of his residence in the State of New York, after having employed counsel and made such other dispositions, as he conceived necessary, for the defence of said suits. But the transactions to be investigated, and the facts and circumstances to be shewn, in order to detect and expose the said forgeries of said Colburn, were such, that the personal attendance of your petitioner was required, in order to a fair trial of said causes; and he alleges that, had he been able to attend the said trials, he would have proved, as he is yet able to do, if allowed to produce his evidence, that said notes, were mere forgeries, executed by said Colburn, in the manner before represented.

But from circumstances entirely beyond the controul of this petitioner, he was prevented from being present, when a final disposition was made of said suits. Although he left the place of his residence in New York, in time quite sufficient to have arrived in Detroit, in season to have attended to the said suits, under ordinary circumstances; yet the unusual and almost unprecedented inclemency of the season, and the depth of the snow, with which his progress was retarded, in passing through the Province of Upper Canada, was such, that he did not reach Detroit until several days after the Judgments aforesaid had been rendered against him, and three or four days after the Court at which they were rendered, had been adjourned to the next succeeding term.

In this state of things your petitioner being without property or friends, and (in consequence of the ruinous frauds practiced upon him by the said Colburn) without credit in the country, was disabled from proceeding any further in said suits to obtain his rights.

As his last and only resource therefore, he petitioned the Legislative Councel, of the Territory of Michigan, at the last session thereof, to grant him a new Trial in said suits. And accordingly the said Councel, upon a representation of the above alleged facts, did pass an act, at their last session, for the special relief of this petitioner, directing the said Judgments to be set aside, the said causes to be reinstated on the docket of said County Court, and new trials to be had therein (including one other suit of a similar discription) under the regulations and provisions in said act prescribed.

Which will more fully appear, reference being had, to a transcript of said act of the s^d Legislative Councel hereunto annexed, and which your petitioner prays may be received as a part of the statement of facts in this petition as exhibit marked N° 2

Your petitioner begs leave further to represent, that at the June Term 1827 of the said County Court of Wayne County motions were made in each of the said suits respectively, by this petitioner, by his Attorney, to reinstate the said suits on the Dockett of said Court, in order to have new trials in them, in accordance with the provisions of said act of the Legislative Councel; And thereupon, in compliance with the requisitions of said act and the said motions predicated thereon, the aforesaid Judgments were set aside, and the said causes reinstated on the Dockett of said Court, for the purpose of being retried, the terms and requisitions of said act, preliminary to such reinstatement having been first complied with by this petitioner.

But it is further stated by your petitioner, that at the January Term of the said County Court of Wayne County, which was in 1828, the plaintiffs in the said actions by their attorneys moved the said Court, to vacate and set aside, the last mentioned

orders, made as aforesaid at the preceeding June Term, 1827, for reinstating the said actions on the Docket for new Trials; which said motions in the said actions respectively were sustained, and orders were made in each of said suits, rescinding and annulling the previous orders of reinstatement and dismissing them from the Dockett of said Court.

In consequence of which your petitioner has been deprived of the benefit of new trials granted him by the Legislative Counsel in said actions. He avers that said suits were reinstated on the Dockett of said Court, at the Term next ensuing the passage of said act of the Legislative Councel, and that had he been allowed the privilege of a fair trial, he would have been able as he now is, to prove that the said supposed partnership of "Phelps and Colburn" never in fact had any existence; that the name of this petitioner was subscribed, under the signature of of "Phelps and Colburn" to said notes by said Colburn, without any authority express or implied from your petitioner, and that said notes were forgeries, and the said demands the grossest and most unqualified fraud perpetrated against him;— All of which he will yet be able to shew, if allowed the benefit of new trials in said actions. Your petitioner further states that he has reason to believe, that the said Colburn has, since putting said notes into circulation, refunded the amount or some amount agreed upon between them, to the holders thereof to their satisfaction and that these groundless unrighteous and oppressive claims are prosecuted against him, for the secret benefit of said Colburn, who after having defrauded him out of the large amount of property above mentioned, as before represented, seeks by this measure, to continue the perpetration of that fraud, for a still larger amount!

All of which said last mentioned proceedings in said County Court, will more fully appear, by reference to transcripts thereof hereunto annexed and which your petitioner prays may be taken and received as a part of this statement of facts, as exhibits marked number 3.

In consideration of the premises your petitioner prays that your Honors will issue the remedial writ of the United States, of Mandamus directed to the judges of the County Court of Wayne County, Commanding and directing and requiring them, to reinstate upon the Dockett of said Court at the next term of said Court as the Court shall direct, the twoo before mentioned actions, and grant to your petitioner, in compliance with and persuance of the provisions of the aforesaid act of the Legislative Councel of the Territory of Michigan, new trials therein,— your petitioner being read at all times to comply with all and every the requisitions and provisions of said act on his part for that purpose,— and that such reinstatement of said actions may be made at the next ensuing June Term of the County Court of Wayne County or at such Term as the said court shall direct ——

As in duty bound will ever pray

SAMUEL PHELPS

I Sam¹ Phelps the signer above named do solemnly swear that the facts stated in the above Petition so far as I have learned them from the information of others, I verily believe the same to be true and so far as they have come to my own knowledge I know them to be true—

SAMUEL PHELPS

Sworn and subscribed before me the 21ˢᵗ May 1828

ROBERT ABBOTT Justice of the peace